# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| EDITH LAWSON-JACKSON,<br><br>Petitioner,<br><br>v.<br><br>DREW ROSENHAUS,<br>JASON ROSENHAUS and<br>ROSENHAUS SPORTS,<br><br>Respondents. | Civil Action No. TDC-16-4049 |

## MEMORANDUM ORDER

Petitioner Edith Lawson-Jackson has filed a Petition to Vacate Arbitration Award seeking to vacate an arbitration award rendered in favor of Respondents Drew Rosenhaus, Jason Rosenhaus, and Rosenhaus Sports. Pending before the Court is Respondents' Motion to Dismiss Amended Petition to Vacate Arbitration Award, ECF No. 13, which argues that the Petition should be dismissed as untimely under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2012). For the reasons set forth below, the Motion is GRANTED.

Lawson-Jackson is a licensed and certified contract advisor for the National Football League Players Association ("NFLPA"). Respondents Drew Rosenhaus and Jason Rosenhaus are certified NFLPA Agents and principals of Respondent Rosenhaus Sports Representation.

On December 30, 2013, Shaquil Barrett, a linebacker for the Denver Broncos, executed a contract by which he hired Lawson-Jackson and her business partner to represent him. On or about November 14, 2015, after Lawson-Jackson had already negotiated with the Broncos for a three-year contract for Barrett, she learned that Respondents had initiated contact with Barrett

with the intent to have him switch agents and employ them, even though they knew that Barrett was being represented by an NFLPA certified agent. Despite Barrett's initial lack of interest, Respondents persisted, eventually offering Barrett $75,000 to change his representation. On November 20, 2015, Barrett emailed Lawson-Jackson and her business partner to terminate their representation of him.

In January 2016, Lawson-Jackson filed for arbitration of the issues whether Drew Rosenhaus violated the NFLPA Regulations Governing Contract Advisors and, if so, what the appropriate remedy would be. On April 7, 2016, Lawson-Jackson filed a motion for recusal of the arbitrator appointed to the case, Roger Kaplan, alleging that he had an undisclosed "continuing financial stake" in Respondents' non-NFLPA "employment disputes," which created a "reasonable impression of partiality." Arbitration Op. at 3-4, Am. Pet. Ex. 1, ECF No. 7-1. Four days later, Kaplan denied the motion, stating that he could and would handle the case impartially. On September 20, 2016, Kaplan issued an arbitration award in which he concluded that Drew Rosenhaus did not violate NFLPA regulations and denied the grievance.

On December 20, 2016, Lawson-Jackson filed a Petition to Vacate Arbitration Award in this Court, which she then amended on March 3, 2017. In her Petition, Lawson-Jackson argues that the arbitration award should be vacated for three reasons: (1) Kaplan displayed evident partiality; (2) Kaplan exceeded his powers as an arbitrator; and (3) Lawson-Jackson was not afforded due process. The Clerk issued a summons for each Respondent on December 21, 2016, but Lawson-Jackson, to date, has not filed proof of service with the Court. Respondents then filed their unopposed Motion to Dismiss Amended Petition to Vacate Arbitration Award, in which they assert that they were served on March 8, 2017.

2

In their Motion, Respondents argue that the Petition should be dismissed because they were not timely served pursuant to the FAA. The FAA outlines the process for petitioners to move to confirm, vacate, or amend arbitration awards and sets forth limitations periods for doing so. Lawson-Jackson brought her Petition to Vacate under the § 10 of the FAA, which provides that:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Significantly, the FAA specifies a three-month deadline for a party to the arbitration to move to vacate an arbitration award and serve the opposing party with the motion:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.

*Id.* § 12. Under the plain language of this provision, a petition to vacate must be served, not merely filed, within the specified three-month period. *See Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 572 (7th Cir. 2007) (stating that "to the extent that our use of the term 'filing'" in prior cases was misleading, "we clarify now and for purposes of future cases that service of a motion to vacate is that act that stops the three-month statute of limitations") *see also Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365, 368-69 (D.C. Cir. 2011) (holding that the three-month

3

deadline to serve a motion to vacate an arbitration award may not be extended pursuant to Federal Rule of Civil Procedure 6(b)); *Chase v. Nordstrom*, No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17 2010) (holding that a motion to vacate an arbitration award, filed on the last day of the three-month period and not served until one month later, was time-barred). *See generally Hillman v. IRS*, 263 F.3d 338, 342 (4th Cir. 2001) ("The general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language.").

The United States Court of Appeals for the Fourth Circuit has held that failure to comply with this deadline bars consideration of a motion to vacate an arbitration award. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (holding that a motion to vacate an arbitration award filed outside of the three-month limitations period was barred as untimely). *See generally* Fed. R. Civ. P. 81(6)(B) (stating that the Federal Rules of Civil Procedure govern proceedings relating to arbitration only to the extent that Title 9 of the United States Code is silent). In *Taylor*, the court held that the district court had erred in excusing the failure to meet the deadline on grounds of due diligence or equitable tolling. *See Taylor*, 788 F.2d at 225.

Here, the arbitration award was issued on September 20, 2016, and Lawson-Jackson filed her Petition on December 20, 2016, the last day of the three-month limitation period. Respondents' unopposed Motion asserts that they were not served until March 8, 2017, two and a half months after the end of the limitations period. Lawson-Jackson has not contested Respondent's asserted date of service and has not otherwise provided any proof of service. The Court therefore concludes that the Petition must be dismissed as untimely pursuant to the FAA's three-month limitations period for service of a petition to vacate. *See Chase*, 2010 WL 4789442, at *2.

The Court notes that while some courts have allowed for equitable tolling of the FAA's limitations period, *see, e.g., Move, Inc. v. Citigroup Global Mkts., Inc.*, 840 F.3d 1152, 1154 (9th Cir. 2016), the Fourth Circuit has "strongly intimated—but has stopped short of explicitly holding—that there are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act." *Parsons, Brinkerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors*, 647 F. Supp. 2d 587, 594 (D. Md. 2009); *see Taylor*, 788 F.2d at 225-26 (stating that exceptions to the three-month time limit are "questionable" because they "are not implicit in the language of the statute and cannot be described as common-law exceptions," and finding under the facts presented no "due diligence or tolling exceptions to the three-month rule, even if such exceptions exist"). Even if equitable exceptions could apply, Lawson-Jackson has not demonstrated any basis to excuse her failure to meet the service deadline. She filed the Petition on the last day of the limitations period, "leaving no time for her to serve notice upon the defendant through her own means," and has provided no excuse or explanation for her failure to meet the service deadline. *Chase*, 2010 WL 4789442, at *2 (finding that "[e]ven if equitable exceptions to the three-month limitation period were recognized," there was no basis to excuse the petitioner's failure to effect service within the time limit). Accordingly, the three month limitations period for service under the FAA bars Lawson-Jackson from asserting her claim.

For the foregoing reasons, it is hereby ORDERED that Respondents' Motion to Dismiss Amended Petition to Vacate Arbitration Award, ECF No. 13, is GRANTED. The Clerk is directed to close the case.

Date: September 12, 2017

THEODORE D. CHUANG
United States District Judge